[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this case, the plaintiff's claim that the house sold to them by the defendants had defective well water. The house was purchased in 1999. The defendants claim that the water was not defective. The defendants testified that they used the water system up until the day of the closing, using a water treatment system that was installed to treat a hard water condition. They demonstrated this treatment system to the plaintiffs and left further instructions on its use at the property. The plaintiff obtained two water samples prior to the closing which were satisfactory to him. A water test following the closing showed the well to be contaminated. The defendants claim to have no knowledge of how such contamination occurred and denied it was present before they sold the property.
The plaintiffs argue that there was a disclosure form filled out by the defendants in accordance with the Connecticut Department of Consumer Protection, a residential property condition disclosure report. In that report, the defendants claimed that there was no problem with the water. The defendants left handwritten notes admitting knowledge of hard water and explaining how the filtration system worked and instructing the plaintiffs that the water in sinks, toilets and shower stalls sometimes got orange from iron deposits in the water and stated that they recommended the use of "Wink" to help with the problem. The "Wink" tablets also may be used for the toilet tank. The defendants in that note also left information regarding a water expert who had installed the filtration system and "could be brought in to correct any problems that they discovered. The plaintiffs claimed they did not get the note until after the closing which was on August 12, 1999. They claimed that there was odor in the sinks and toilets and that the failed to disclose this. They claimed that they had to get a new well a cost of $5,575.00 and also have a new water softening system a cost of $5,212.00.
The defendants claim that the cleaning product about which they instructed the plaintiffs worked and that if it didn't work they gave the plaintiffs the name of Mr. Charles Mulholland of Dolphin Water Systems, who would be available to correct any problems with the filtration system. The defendants also claim that they instructed the plaintiffs about the use of tablets for any foul odor caused by the toilet. The defendants claim that the plaintiffs were fully aware of the filtration system and it was obvious that the system needed to be treated. The defendants also claim that they told the plaintiffs that the water was CT Page 14780 hard and had iron in it and had a need for the filtration system. The defendants point out that the buyers had the right to test the water and did test the water prior to the closing. At the test prior to the closing, the water was found to be satisfactory. There was no evidence that the defendants knew of any contamination prior to the closing date. Contamination showed up after the closing date. The representations of the defendants on August 10th showed that there was high iron content in the water. The defendants told the plaintiffs about this high iron content and hard water.
Based upon all of the evidence and testimony involved in the case, including the various exhibits, it is the finding of the court that the plaintiffs have failed to prove their case in that the court finds that there was appropriate disclosure of the hard water condition and the iron content of the water prior to the closing, and the fact that the plaintiff had the right to test the water prior to the closing and did in fact do so. Accordingly, even though the plaintiff had problems later on, there was no evidence that they contacted Mr. Mulholland or anyone else to adjust the filtration system. It appears that they simply proceeded to get a new well and a new water softening system installed. The court does not find that the plaintiff proved that the defendants misrepresented the quality of the water. The court finds that the defendants made full and fair disclosure, but unfortunately between the time of the purchase and the use by the plaintiff after the purchase, the condition apparently deteriorated through no fault of the defendants.
The court accordingly enters judgment in favor of the defendants.
D. Michael Hurley, Judge Trial Referee